Haight, J.
These proceedings were commenced in March, 1879. The first decree was made and entered on the 29th day of December, 1882. An appeal was taken therefrom March 7, 1883. The second decree was made and entered on the 17th day of September, 1883, and an appeal was taken therefrom on the" 25th day of October, 1883. The appeals were called for argument in this court, and thereupon the respondent moved that they be dismissed. The appeals were brought under section 2574 of the Code of Civil Procedure. The appeal-book does not contain findings of facts or conclusions of law upon which the decrees were entered, and does not contain exceptions to such findings.
Section 3347, subd. 11, of the Code of Civil Procedure, as amended by the Laws of 1881, c. 681, among other things provides as follows; “All appeals taken from any order, sentence, decree, or determination of a surrogate’s court, made or entered in such court on or after the 1st day of September, 1880, in any matter or proceeding pending or undetermined in such court on the 1st day of September, 1880, shall be taken and perfected, heard, and de *389 tided in conformity to the laws and practice regulating appeals from orders, sentences, and decrees of surrogate’s court in force in this state on the 31st ■day of August, 1880; and all appeals from any order, sentence, decree, or determination of such court, brought in conformity thereto since the 1st day of September, 1880, are hereby declared to be valid and effectual. ” This section was again amended by the Laws of 1883, c. 229, by inserting therein a provision that all appeals to the court of appeals from any order or judgment of the supreme court affirming, reversing, or modifying such order, sentence, decree, or determination of a surrogate’s court, etc., shall be taken and perfected under the same practice. It will thus be observed that the appeals in this case must be taken, perfected, heard, and decided in conformity to the law as it existed prior to the Code of Civil Procedure, for these proceedings were commenced prior to and were pending at the time the Code of Civil Procedure went into effect, providing for reviews of decrees of the surrogate’s court. The statute in force prior to the adoption of the Code of Civil Pro•cedure provided that appeals from the decree of a surrogate for the final settlement of the accounts of an executor, administrator, or guardian shall be made within three months after such decree shall have been recorded, and that no such appeal shall be effectual until a bond be filed with the surrogate, with two sufficient sureties, to be approved by him, in the penalty of at least $100 to the adverse party, conditioned substantially that the appellant will prosecute his appeal to effect, and will pay all costs that shall be adjudged against him by the supreme court. 2 Rev. St. p. 610, §§ 105-108. Rule 51 ■of the supreme court, then in force, provided that “on an appeal from the order, sentence, or decree of the surrogate’s court the party appealing shall file a petition of appeal, addressed to the court, with the clerk of the county in which the order, sentence, or decree appealed from was made, within fifteen days after the appeal is entered in the court below, or the appeal shall be •considered as waived; and any party interested in the proceedings in the court below may thereupon apply to this court ex parte to dismiss the appeal with costs.” The rule further provides what the petition of appeal shall contain; •that it shall briefly state the nature of the proceedings of the decree appealed from, and shall specify the part or parts complained of as erroneous, etc. 2fo bond has been filed, approved by the court, and no petition of appeal has been filed with the clerk, so that under the practice and rules of the court as they •existed when the Code of Civil Procedure went into effect the appeal must be •abandoned, and the respondent could have applied ex parte for an order dismissing the appeal. ,
Under the Code as it existed after the 1st day of September, 1880, until the •amendment of 1881, the decrees of the surrogate’s court were properly brought ■up for review by an appeal under the Code, (In re Will of Gates, 26 Hun, -179;) and such appeals were preserved and made valid and effectual by the •amendment of 1881, but the amendment of 1881 restored the former practice •as to the review of the decrees of the surrogate’s court in all cases wherein the proceedings were commenced before and were pending at the time the •Code of Civil Procedure went into effect, and since that amendment no other mode of review has been provided. The appeals in the ease under consideration were taken after the amendment, and are consequently not brought within the provisions of the saving clause contained in that amendment. The amendment was made necessary because of the new practice adopted. In proceedings instituted in the surrogate’s court under the Code of Civil Procedure, the surrogate is required to make findings of facts and conclusions of law upon which his decree is based; and any party feeling aggrieved may file •exceptions to such findings, and bring them up for review by serving a notice ■of appeal. The exceptions apprise the respondent of the points complained •of, and the review is heard upon such exceptions. Under the former practice no such findings were necessary, and consequently exceptions to such findings *390 could not be filed. A petition of appeal was therefore necessary in which the-appellant was required to point out the part or parts complained of by him as erroneous, and the review was had upon the points so pointed out in the petition of appeal, so that where the hearing was under the old practice, and there-has been no findings or exceptions, nothing could be brought up for review by the notice of appeal provided for under the new practice. We are consequently of the opinion that there is nothing before this court for review, and that the respondent is entitled to have the appeals dismissed, with $10 costs, and disbursements. So ordered. All concur.